# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 13-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REGINALD LAMOND FIELDS. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion entitled "Motion to Withdraw as Counsel" (182) filed by the defendant's attorney Stanford K. Clontz requesting permission to withdraw as counsel for the defendant and also a letter (#183), which the undersigned has considered as a motion for substitution of counsel, received on April 14, 2009 from the defendant requesting that the "Federal Courts appoint me a new court appointed lawyer." Upon the call of this matter on for hearing, it appeared that the defendant was present, his attorney Stanford K. Clontz was present and the Government was represented by Assistant United States Attorney Jill Rose. From the statements of Mr. Clontz, the statements of the defendant, and the arguments of counsel, the court makes the following findings:

**Findings:** Mr. Clontz advised that after the completion of a detention hearing for the defendant that occurred on April 14, 2009, the defendant made a verbal request to Mr. Clontz that Mr. Clontz file a motion to withdraw so another attorney would be appointed. Mr. Clontz further stated that he complied with the wishes of the

defendant. The undersigned made inquiry of Mr. Clontz as to any reason the defendant would have for making such a request of Mr. Clontz. Mr. Clontz advised that this court had made an adverse ruling as to the defendant's request for pretrial release and also that Mr. Clontz, after completing review of discovery in this matter, had delivered some news to the defendant concerning Mr. Clontz's opinion of the evidence the government might introduce against the defendant which would have been "bad news" to the defendant.

The undersigned then made inquiry of the defendant as to what reason the defendant had to request another attorney be appointed to represent him in this case. The court pointed out to the defendant that the defendant's handwritten motion had been received by the court in just a few hours after this court had denied him motion for pretrial release. The undersigned pointed out to the defendant that the defendant's criminal record extensive showing convictions of approximately 24 misdemeanors and one felony. As a result of the evidence presented at the detention hearing this court was not in a position to grant any motion to release the defendant on terms and conditions of pretrial release. The defendant stated that even though his written motion had been filed just a few minutes later, he had filed the motion because Mr. Clontz had not come to see him in the detention facility as quickly as the defendant had requested and Mr. Clontz had been curt and rude in his conversations with the

defendant and members of the defendant's family.

The government advised that the trial in this matter was set for May 12, 2009 and the defendant's case would be tried at that time and joined with any other defendants who had not entered pleas of guilty at that time. The government further presented to the court, by proffer, the fact that other co-defendants in this matter had been requesting that their attorneys be released and three defendants had been requesting orders regarding substitution of counsel or allowing counsel to withdraw before the District Court and all of those motions had been denied. There is seventeen business days between the date of the hearing of the defendant's motion on April 16, 2009 and the date of trial.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motions herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. Clontz to represent him further; and (3) Whether or not there

is such a conflict between the defendant and Mr. Clontz that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of the motions there were only seventeen business days that remain prior to the trial of this matter which is scheduled for May 12, 2009. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial of this matter by May 12, 2009. This factor must be weighed against granting the motion.

The undersigned has inquired as to the reasons for the conflict between the defendant and his attorney. After hearing from both Mr. Clontz and the defendant, it appears to the undersigned the defendant filed his motion in direct response to the fact that this court, after conducting a detention hearing, declined to release the defendant on terms and conditions of pretrial release. During the detention hearing, Mr. Clontz presented witnesses and vigorously presented his motion requesting that the defendant be released on terms and conditions of pretrial release. There was nothing about the presentation of Mr. Clontz that indicated any lack of preparation and it certainly appeared to the undersigned that Mr. Clontz had great concern for the well-being of the defendant. It also appears to the court that Mr. Clontz has had to do what many defense attorney's find themselves in the position of having to do, that is after

reviewing all of the discoverable evidence, having to deliver a review of that evidence to the defendant which many defendants have difficulty accepting. The undersigned cannot find the reasons for any conflict between Mr. Clontz and the defendant are based upon any ill-will or rudeness of Mr. Clontz. This small degree of conflict must be weighed against allowing the motion to withdraw or the motion for substitution.

The court has further examined the matter to determine whether or not there is such conflict between Mr. Clontz and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exists between Mr. Clontz and the defendant that would prevent an adequate defense. Mr. Clontz is a hardworking attorney who works diligently on behalf of his clients and it appears to the undersigned he is working diligently on behalf of the defendant. If the defendant is of the opinion he has not committed any criminal act and he desires a trial in this case, Mr. Clontz is qualified to try this case before a jury and the undersigned is of the opinion he would do as good a job as he could possibly do in doing so.

After considering all the factors, it appears there is little time before trial within which to appoint other counsel who has the knowledge of the case of Mr. Clontz and as a result of the inquiry made by the defendant, the undersigned cannot find good reason for the appointment of another attorney and there does not appear to be a lack

of communication between Mr. Clontz and the defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the Motion to Withdraw as Counsel (#182) and the motion contained in the defendant's letter (#183). The undersigned, after denying the motion of the defendant, advised the defendant that if the defendant could retain counsel, this court would allow counsel to appear and represent the defendant if duly licensed and admitted in this district. The defendant was cautioned that if it was the defendant's desire to retain such counsel he should do so immediately so any attorney that the defendant might retain or might be retained on the defendant's behalf could be prepared for trial on May 12, 2009.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the motion of Stanford K. Clontz entitled "Motion to Withdraw as Counsel" (#182) and the defendant's letter (#183) which is considered as a motion to substitute counsel, are hereby **DENIED**.

Signed: April 22, 2009

Dennis L. Howell
United States Magistrate Judge