# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09 CR 13-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| REGINALD LAMOND FIELDS. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and being heard before the undersigned pursuant to a motion filed by the defendant entitled "Motion to Remove Ineffective Assistance of Counsel" (#385). This matter was referred to the undersigned pursuant to an order of the District Court of October 7, 2009, directing the undersigned to conduct a status of counsel hearing (#386). Upon the call of this matter on for hearing, the defendant was present, his attorney Stanford K. Clontz was present, and the government was represented by Assistant United States Attorney ("AUSA") David Thorneloe. From the motion of the defendant, the statements of the defendant, and the statements of Mr. Clontz, the court makes the following findings:

Findings: In the Bill of Indictment filed on February 17, 2009, the defendant was charged with conspiracy to possess with intent to distribute a quantity of cocaine base, commonly known as crack cocaine, and with knowingly and intentionally using a communication facility in committing and in causing the facilitation of that offense. On April 14, 2009, the defendant filed a motion to appoint substitute counsel (#183).

This motion was heard before the undersigned on April 16, 2009, and the motion of the defendant to appoint substitute counsel was denied. On April 24, 2009, a Plea Agreement was filed by the defendant in this matter (#199). On May 1, 2009, the defendant entered a plea of guilty (#210). Thereafter, a Pre-Sentence Investigation Report was filed on July 23, 2009 (#307), and another Pre-Sentence Investigation Report was filed in this matter on August 19, 2009 (#233), and a further Pre-Sentence Investigation Report with a recommendation was filed on August 19, 2009. On October 7, 2009, the defendant filed his motion for the appointment of a new attorney (#385).

The undersigned conducted a sealed proceeding with the defendant and Mr. Clontz due to concerns that, in hearing the motion, the defendant might reveal confidential communications between himself and Mr. Clontz. In conducting the sealed proceeding, the undersigned attempted to make a full inquiry into the reasons why the defendant did not wish for Mr. Clontz to represent him further, and also to consider whether or not there is such a conflict between the defendant and Mr. Clontz that is so great that it has resulted in a total lack of communication preventing an adequate defense.

In the order of the District Court filed on October 8, 2009 (#386), the District Court stated that this matter had not yet been scheduled for sentencing; however, a

Notice of Hearing was filed electronically on October 6, 2009, setting this matter for sentencing on October 30, 2009.

Discussion: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. U.S. v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why the defendant does not wish for Mr. Clontz to represent him further; and, (3) whether or not there is a such a conflict between the defendant and Mr. Clontz that is so great that it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion of the defendant was filed on October 7, 2009, and was heard by the undersigned on October 14, 2009. The actual sentencing hearing in this matter may be scheduled for October 30, 2009; although, the order of the District Court certainly takes precedence. In the order of the District Court, the Court stated that the matter had not been scheduled for sentencing at the time of the entry of the Order

(#386). Considering all of this evidence, this factor must be weighed against granting the motion, because without a continuance of the sentencing from October 30, 2009. The undersigned has concerns about whether or not substitute counsel could be prepared to represent the defendant at sentencing on October 30, 2009.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. This inquiry is in the sealed record and may be disclosed only upon court order. Without revealing the contents of the sealed proceeding, it appears there is a valid reason for the defendant to have the opinion that he does not desire to have Mr. Clontz represent him further in this matter.

The undersigned has further examined the matter to determine whether or not there is such conflict between Mr. Clontz and the defendant that there is a total lack of communication between them preventing an adequate defense. After making the inquiry, the undersigned recessed this matter to give the defendant and Mr. Clontz an opportunity to discuss the matter to see if they could discuss the case and communicate to the extent that there could be an adequate defense in this matter. After consulting with the defendant, Mr. Clontz stated that he was going to file a motion for an additional downward departure from the sentencing guidelines. When the court directed that Mr. Clontz should go to the detention facility where the defendant is being held to discuss this motion with the defendant, Mr. Clontz stated

that he was of the opinion that such a conference with the defendant would not be necessary.  It appears to the undersigned that such a motion is one of the documents that should be discussed between the defendant and his counsel and such is required pursuant to Rule 32(i)(1) of the Federal Rules of Criminal Procedure. This court has other concerns at to the issue of complaince with Rule 32(i)(1).   After considering all the factors, it appears that there may be little time between the present time and sentencing within which to appoint another counsel who has the same knowledge of the case that Mr. Clontz possesses, but if sentencing is continued there would be sufficient time.

As a result of the inquiry made by the undersigned, the undersigned finds that there is good reason for the appointment of another attorney and there does appear to be a lack of communication between Mr. Clontz and the defendant that would prevent an adequate defense.  Based upon the foregoing, the undersigned is determined to enter an order allowing the defendant's "Motion to Remove Ineffective Assistance of Counsel"(#385).

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the "Motion to Remove Ineffective Assistance of Counsel" (#385) is hereby **ALLOWED.**  It is ordered that the Federal Defender shall appoint substitute counsel to represent the defendant in this matter.

It is further ordered that Mr. Clontz is relieved from any further responsibility to represent the defendant, except Mr. Clontz is required by this Order to deliver to to substitute counsel copies of his entire file, including the original documents of the defendant and any other originals that might be necessary for the proper representation of the defendant.

**THIS,** the 15th day of October, 2009.

Signed: October 15, 2009

Dennis L. Howell
United States Magistrate Judge