# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11cv10
# (Criminal Case No. 1:09cr13-5)

| | |
|---|---|
| REGINALD LAMOND FIELDS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Doc. 1]. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On February 17, 2009, Petitioner was charged in a two-count Bill of Indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and 841(a)(1) (Count One); and use of a communication facility in committing and in causing the

commission of the acts alleged in Count One in violation of 21 U.S.C. § 843(b) (Count Two). [Criminal Case No. 1:09cr13, Doc. 12]. On February 26, 2009, Magistrate Judge Howell entered an oral order granting Petitioner's oral motion to appoint counsel and appointing Stanford Clontz to represent the Petitioner. [Id., Docket entry dated 2/26/09 and Doc. 59]. On April 7, 2009, Petitioner filed a motion for release from custody. [Id., Doc. 176]. Magistrate Judge Howell held a hearing on the motion and denied Petitioner's motion on April 14, 2009. [Id., Docket entry April 14, 2009]. Petitioner then filed a motion to appoint new counsel and his counsel filed a motion to withdraw as counsel. [Id., Docs. 182 and 183]. Magistrate Judge Howell held a hearing on the motions on April 16, 2009 and denied the motions in an Order dated April 23, 2009. [Id., Doc. 193]. In the Order, the Court noted that the motions appeared to be filed in direct response to the fact that the Court declined to release the defendant on pretrial release and to counsel's assessment of the case after having reviewed the discovery. The Court therefore denied the motions, concluding that there did not appear to be a lack of communication between the Petitioner and his counsel that would prevent an adequate defense. [Id.]. On April 24, 2009, a Plea Agreement was filed with the Court in which Petitioner agreed to plead guilty to Count One of the Bill of Indictment. [Id., Doc. 199].

On May 1, 2009, the Petitioner appeared before Magistrate Judge Howell and pled guilty to Count One of the Bill of Indictment. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id.,Doc. 580: Transcript of Plea and Rule 11 Proceeding]. During the plea colloquy, Petitioner affirmed under oath that he understood the elements of the offense to which he was pleading guilty and the maximum penalties he faced and that he was, in fact, guilty of the charged drug conspiracy. [Id. at 8-9]. Petitioner also affirmed that he understood how the Sentencing Guidelines might apply to his case; that he might receive a sentence that was either higher or lower than that called for by the Guidelines; and that even if his sentence was more severe than expected, he would nevertheless be bound by his plea and have no right to withdraw it. [Id. at 11-12]. Petitioner also affirmed that he was waiving his right to a jury trial and to confront the witnesses against him; that he was waiving his right to challenge either his conviction or sentence "in a post-conviction proceeding," except on specified grounds; and that he "knowingly and willingly accept[ed] this limitation on [his] right . . . to file post-conviction proceedings." [Id. at 13-17]. Petitioner affirmed that no one forced him to plead guilty and that he was satisfied with the services of his attorney. [Id. at 14-17]. The Court accepted Petitioner's plea finding that the plea was

3

knowingly and voluntarily made and that Petitioner understood the charges, potential penalties, and consequences of the plea. [Id. at 19].

Prior to Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report (PSR). The Probation Officer calculated a base offense level of 30 based on his determination, consistent with the parties' stipulation in the Plea Agreement, that Petitioner was responsible for at least 50 grams but less than 150 grams of cocaine base. [PSR, Doc. 333 at ¶19]. The Probation Officer included a three-level reduction for Petitioner's acceptance of responsibility. [Id. at ¶26]. Based on a total offense level of 27 and a criminal history category of III, the Probation Officer noted that the applicable Guidelines range of imprisonment would be 87 to 108 months. [Id. at ¶99]. With respect to the statutory range of imprisonment, the Probation Officer found that because of the Government's Notice pursuant to 21 U.S.C. § 851, the statutory range was twenty years to life, [Id. at ¶98], and thus the guidelines range would be set at the statutory minimum pursuant to USSG §5G1.1 at 240 to 240 months.

On October 7, 2009, Petitioner filed a motion for new counsel. [Criminal Case, 1:09cr13, Doc. 385]. The undersigned directed that Magistrate Judge Howell hear the motion and conduct a status of counsel inquiry. [Id., Doc. 386]. Magistrate Judge Howell conducted a sealed proceeding regarding

4

Petitioner's motion for new counsel on October 14, 2009 and issued an Order dated October 15, 2009 appointing new counsel for Petitioner, concluding that there was a lack of communication between counsel and the Petitioner that would prevent an adequate defense.[1]

While there were no objections made to the PSR, counsel for Petitioner made several arguments at sentencing including that the Court give consideration to the disparity in sentences between crack and powder cocaine. [Id., Doc. 581: Transcript of Sentencing Hearing at 16]. The Court, however, after considering counsel's arguments, did grant a motion for downward departure pursuant to USSG §5K1.1 and 18 U.S.C. §3553(e) and sentenced Petitioner to a term of imprisonment of 168 months, [Id., at 33-34], which was considerably below the guidelines range.

Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals. On January 21, 2011, Petitioner filed the instant Motion, arguing that his counsel was ineffective for failing to conduct a proper investigation prior to encouraging him to accept the plea offer and that his plea was "coerced" by counsel as he entered his plea under duress because

---

[1] The Court has listened to the audio recording of the motion hearing and notes that there was no indication from the Petitioner that his communication issues with counsel were related to his decision to plead guilty. In fact, the only issues specifically addressed were whether counsel sufficiently explained the PSR to the Petitioner and that counsel seemed unwilling to travel to the facility where Petitioner was housed to discuss any possible motion for a downward departure.

5

his counsel and he had a conflict of interest. Petitioner argues that because of this "conflict of interest," the Court should allow him to start the plea negotiations over again. [Doc. 1 at 4, 8]. Petitioner also contends that his counsel was ineffective for failing to make an argument at sentencing regarding the disparity in crack sentencing. [Id. at 5].

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is

6

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689, 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions."  Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).  Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice."  Fields v. Attorney Gen., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).  If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong."  Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different.  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).  Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

There is a presumption that counsel was competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). The presumption of competency is not overcome by conclusory allegations. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Additionally, because one of Petitioner's claims challenges an issue at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner argues that his counsel was ineffective for failing to conduct a proper investigation prior to encouraging Petitioner to accept the plea offer. Petitioner also contends that his plea was "coerced" by counsel as he entered his plea under duress because his counsel and he had a conflict of interest. Petitioner argues that because of this "conflict of interest," the Court should allow him to start the plea negotiations over again. [Doc. 1 at 4, 8].

"[C]ounsel has a duty to make reasonable investigations or to make a

reasonable decision that makes particular investigations unnecessary." Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052). In the instant case, Petitioner fails to allege any facts or information which would have yielded a sufficient defense that should have prompted counsel to advise against entering into a plea agreement with the Government. Petitioner alleges that he should be permitted to start the plea negotiations over again because his counsel was relieved due to a conflict of interest. The record indicates, however, that Petitioner was permitted to have new counsel appointed not due to a conflict of interest but due to a lack of communication between counsel and Petitioner and counsel's apparent unwillingness to go to the facility where Petitioner was housed in order to discuss a downward departure motion. Petitioner did not mention a desire to withdraw his guilty plea at the time of the hearing regarding counsel, nor did his new counsel file a motion to withdraw his guilty plea. Petitioner has not shown either deficient performance or prejudice, and therefore, his claim must fail.

Next, to the extent that Petitioner is arguing that his counsel was ineffective for coercing him to plead guilty, such claim fails. Indeed, the record of Petitioner's Plea and Rule 11 Hearing belies Petitioner's allegation that his counsel pressured him into pleading guilty. Magistrate Judge Howell

9

specifically reviewed with Petitioner the charge to which Petitioner was pleading guilty and advised him of the elements of the offense as well as the minimum and maximum penalties of the offense. Magistrate Howell then inquired whether "[his] plea of guilty [was] voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement." [Criminal Case No. 1:09cr13, Doc. 580: Transcript of Plea and Rule 11 Proceeding at 14]. Petitioner responded in the affirmative indicating that his guilty plea was voluntary. The Court then confirmed that Petitioner had sufficient time to discuss possible defenses with his attorney, that he was satisfied with the services of his attorney, and that he fully understood what he was doing and wanted the Court to accept his plea of guilty. [Id. at 14-17].

A review of Plea and Rule 11 Transcript establishes that the statements which Petitioner made to the Court stand in stark conflict with his belated, self-serving allegation that counsel "coerced" him into pleading guilty. Further, Petitioner is bound by the statements he made at the Plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming

summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).  In sum, the Court finds that Petitioner has failed to satisfy either prong of the Strickland test and, therefore, his claim of ineffective assistance of counsel must fail.

To the extent that Petitioner is challenging the voluntariness of his plea, such claim is procedurally barred as Petitioner did not raise this claim on appeal.  Generally, claims that could have been but were not raised on direct review are procedurally barred.  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted).  It is well-settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice.  See United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).  In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[2]  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at

---

[2] Petitioner makes no claim of actual innocence.

167-68, 102 S.Ct. 1584).

"'Cause' means some impediment . . . ." United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray, 477 U.S. at 488, 106 S.Ct. 2639. As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice," the defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170, 102 S.Ct. 1584. In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally barred.[3]

Next, Petitioner argues that his counsel was ineffective for failing to make an argument at sentencing regarding the disparity in crack versus powder sentences. Petitioner contends that counsel should have made this argument because his sentencing took place "[i]in the mist [sic] of the

---

[3]Even if this claim were not barred, however, it is belied by the record which establishes that the Court reviewed the elements of each count of the Indictment with Petitioner. The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto.

12

sentencing guidelines being determined to be advisory and the U.S. Justice Department determining that crack sentences produced disparent [sic] sentences . . . . " [Doc. 1 at 5].

A review of the Sentencing Transcript belies Petitioner's claim that counsel failed to object to his sentence based on disparity between crack and powder cocaine. Indeed, during the sentencing hearing, counsel argued that the Court should consider this disparity in determining Petitioner's sentence. Specifically, counsel stated:

> Your Honor, the next argument is somewhat different, but I do ask the Court to consider the disparity treatment between crack and powder. I know that the guidelines have taken – the Sentencing Commission has made some efforts to remedy that. I will point out to you, however, that the big guys are distributing powder, and they're providing large amounts of powder to then be made into crack cocaine, and then it filters its way down to somebody like Mr. Fields, who can get in a while lot of trouble for being a much smaller player in a very large conspiracy. It's pretty clear from the presentence report that he's not the guy who is bringing in the powder and distributing it. I mean, all this crack cocaine starts as powder and it filters its way down to somebody like Mr. Fields who then gets caught up in this.

[Criminal Case No. 1:09cr13, Doc. 581: Transcript of Sentencing Hearing at 16-17].

The record clearly establishes that counsel made the very argument at sentencing that Petitioner claims he did not make. Petitioner has not

13

established deficiency or prejudice as is required pursuant to Strickland and his claim is therefore denied.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claims of ineffective assistance of counsel.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**IT IS SO ORDERED**.

Signed: February 8, 2011

Martin Reidinger
United States District Judge